UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD RODGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:25-cv-00016-SRC |
| LATONYA E. ROBERSON et al., | ) ) ) |
| Defendants. | ) |

**Memorandum and Order**

Donald Rodgers alleges that Latonya Roberson, while driving for Amazon Logistics, Inc. and Amazon.com Services, LLC (collectively "Amazon"), ran a red light, crashed into his car, and caused him injuries. Rodgers initially filed his complaint in state court, but Amazon removed it to this Court. Now, Rodgers asks the Court to remand the case back to state court. The Court agrees with Rodgers and remands the case.

**I.    Background**

**A.    Factual background**

Rodgers alleges the following. In October 2021, Roberson ran a red light and collided with Rodgers. Doc. 6 at ¶ 6. While Roberson collided with Rodgers, she worked as a flex driver for Amazon. *Id.* at ¶ 9. From the crash, Rodgers suffered severe, permanent, and serious injuries to his head, neck, shoulder, and back. *Id.* at ¶ 11.

**B.    Procedural background**

Rodgers filed a petition in St. Louis County state court in November 2024 and asserted claims against Roberson and Amazon. Doc. 6. Rodgers served Amazon on December 6, 2024.

Doc. 1 at ¶ 12; *see also* doc. 1-4 at 1.[1] 31 days later, on January 6, 2025, Amazon filed a Notice of Removal in this Court. Doc. 1. The Court takes judicial notice that January 5, 2025, fell on a Sunday, so the Court finds that the Notice of Removal was timely. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

Amazon didn't need to get Roberson to consent to the removal because, at the time of removal, Rodgers had not yet served Roberson. *See* 28 U.S.C. § 1446(b)(2)(A). Because over 90 days had passed since Rodgers filed his complaint, the Court ordered Rodgers to show cause why the Court shouldn't dismiss Roberson without prejudice for lack of timely service. Doc. 15. Rodgers responded to the show-cause order and asked for additional time to obtain service on Roberson. Doc. 18.

The same day that Rodgers responded to the show-cause order, he moved to remand the case to state court. Docs. 16–17. He filed an affidavit from his attorney stating that his client would not demand more than $75,000 "for compensation or damages in this case." Doc. 16 at 3. And Rodgers argued that, thus, the Court lacks subject-matter jurisdiction. Doc. 17.

Amazon opposed the motion. Doc. 19. It argued that because Rodgers himself did not execute the affidavit, the affidavit did not establish, to a legal certainty, that the amount in controversy falls short of $75,000.01. *Id.* at 19. In response to this opposition, Rodgers filed an affidavit from Rodgers himself that states, among other things, that he "will not seek and will not ask for or accept an amount in damages from Defendant(s) in excess of $75,000.00, exclusive of interest and costs, but which maximum amount would include any attorney's fees that may be granted." Doc. 21-1 at ¶ 2.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

2

## II.    Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a state-court case "to the district court of the United States for the district and division embracing the place where such action is pending" if "the district courts of the United States have original jurisdiction" over the case. Relevant here, "[t]he district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## III.   Discussion

Here, Roberson has personally submitted an affidavit that he "will not seek and will not ask for or accept an amount in damages from Defendant(s) in excess of $75,000.00, exclusive of interest and costs." Doc. 21-1 at ¶ 2. Under Missouri law, Rodgers's signed stipulation constitutes a binding judicial admission, "which is 'an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true.'" *Hawryszko v. USAA Ins. Agency, Inc.*, Case No. 4:24-cv-00311-SRC, 2024 WL 1485824, at *1 (E.D. Mo. Apr. 5, 2024) (quoting *K.W. by and through Lane v. State Farm Mut. Auto. Ins. Co.*, No. 4:22-cv-00343-SRC, 2022 WL 1044898, at *1 (E.D. Mo. Apr. 7, 2022)). "And in Missouri, when a party makes factual allegations against his own interests, those admissions bind him in that action." *Id.* (citations omitted); *see also Sebree v. Rosen*, 393 S.W.2d 590, 602 (Mo. 1965) ("Judicial admissions against interest are conclusive against the party making them in the

3

absence of contradictory evidence." (citations omitted)).  Accordingly, a fact-finder could not "legally conclud[e] that the damages sought are greater than the requisite jurisdictional amount." *Hawryszko*, 2024 WL 1485824, at *1 (alteration in original) (citation omitted).

Thus, Rodgers has established that the amount in controversy falls short of $75,000.01 and that, accordingly, the Court lacks subject-matter jurisdiction.  Amazon comes close to admitting as much.  *See* doc. 19 at 3 ("Amazon does not dispute that [Rodgers] *could* create a legal certainty that the amount in controversy does not exceed $75,000, but only if [Rodgers], and not his counsel, executes and files with the Court a 'binding stipulation' with this Court and in the state action that he would not seek or accept more than $75,000, exclusive of interests and costs." (citation omitted)).  The Court need not require Rodgers to file the stipulation in the state-court case because, as explained above, Rodgers's affidavit will bind him in state court.

### IV.     Conclusion

Accordingly, the Court grants Rodgers's [16] Motion to Remand.  The Court discharges as moot, without prejudice, its [15] show-cause order.  Pursuant to 28 U.S.C. § 1447(c), the Court remands this case to the Circuit Court of St. Louis County, Missouri, and directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.  A separate order of remand accompanies this Memorandum and Order.

So ordered this 9th day of April 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

4